[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dinkelacker*, Slip Opinion No. 2016-Ohio-210.]

*NOTICE*

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-210

THE STATE EX REL. HUNTER *v*. DINKELACKER, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dinkelacker*, Slip Opinion No. 2016-Ohio-210.]**

*Prohibition—Order staying execution of sentence pending resolution of appeal is not applicable once court of appeals has issued decision on appeal, despite petition for rehearing en banc—R.C. 2949.08(A)—Sheriff's duty to take convicted person into custody and deliver convict to jail is not discretionary and does not amount to the exercise of judicial authority—Writs denied.*

(No. 2016-0090—Submitted January 21, 2016—Decided January 21, 2016.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Relator, Tracie M. Hunter, seeks writs of prohibition against respondents, Hamilton County Common Pleas Court Judge Patrick Dinkelacker and Hamilton County Sheriff Jim Neil. We deny the writs.[1]

---

[1] *But see* Entry in *State v. Hunter*, case No. 2016-0092, 2016-Ohio-209.

*Allegations in the complaint*

{¶ 2} Hunter was convicted of one count of having an unlawful interest in a public contract and was sentenced to six months in jail. She filed an original action in this court for writs of mandamus, prohibition, and habeas corpus. *State ex rel. Hunter v. Cunningham*, case No. 2014-2223. On December 26, 2014, we denied the writs but entered an order stating, "It is ordered by the court that the sentence of relator, Tracie M. Hunter, is stayed pending resolution of her appeal. No additional bond is required and relator shall continue to remain free on her own recognizance during the pendency of her appeal." 2014-Ohio-5699.

{¶ 3} On January 15, 2016, the First District Court of Appeals affirmed her conviction. Later that same day, Hunter filed a motion in the court of appeals for en banc reconsideration.

{¶ 4} Hunter asked Judge Dinkelacker, the trial court judge, to stay execution of her sentence, but he declined. He indicated that he believed this court's 2014 stay order was no longer in effect and that he intends to order Hunter to jail on Friday, January 22, 2016, at 9:00 a.m.

*Procedural history*

{¶ 5} On January 20, 2016, Hunter filed the present action for a writ of prohibition to prevent Judge Dinkelacker from executing her sentence until (1) the court of appeals decides her motion for en banc reconsideration, (2) this court decides whether or not to accept discretionary review of the First District's decision, and (3) this court, if it accepts the appeal, decides the case on the merits. She also seeks a writ preventing Sheriff Neil from admitting her into jail. Pursuant to this court's order, respondents filed a responsive memorandum on January 21, 2016, and Hunter has filed a reply brief.

*Analysis*

{¶ 6} The court's December 26, 2014 order was not ambiguous. We entered a stay until "resolution of [Hunter's] appeal." Her appeal has now been

resolved by a decision from the First District Court of Appeals. Any additional appeals, whether to the First District Court of Appeals en banc or to this court, are beyond the scope of the stay order. There is currently no order from this court prohibiting Judge Dinkelacker from exercising judicial authority and therefore no basis upon which to issue a writ of prohibition to Judge Dinkelacker.

{¶ 7} We also deny Hunter's request that we issue a writ of prohibition to Sheriff Neil. Hunter has asked the court to issue a writ "restraining Sheriff Neil from admitting her into jail." Sheriff Neil will have a nondiscretionary duty to take Hunter into custody and deliver her to jail if ordered to do so by Judge Dinkelacker. R.C. 2949.08(A). Because Sheriff Neil would not be exercising judicial authority in doing so, the issuance of a writ of prohibition against him would be inappropriate.

{¶ 8} For these reasons, we deny the writs and dismiss the case.

Writs denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Ohio Justice & Policy Center and David A. Singleton, for relator.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and James W. Harper and Christian J. Schaefer, Assistant Prosecuting Attorneys, for respondents.

_____